IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PACIFIC COAST BUILDING PRODUCTS, INC.
and PABCO BUILDING PRODUCTS, LLC                                    PLAINTIFFS


v.                              Case No. 4:18-cv-4165


CERTAINTEED GYPSUM MANUFACTURING, INC.                              DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Stay Proceedings. (ECF No. 38). Plaintiffs have filed a response. (ECF No. 43). Defendant has filed a reply. (ECF No. 46). Plaintiffs have filed a sur-reply. (ECF No. 50). The Court finds this matter fully briefed and ripe for consideration.

## BACKGROUND

This is a patent infringement action. In addition to the highly technical nature of patent litigation, this case presents a particularly complex factual and procedural background involving several different litigations, concerning several different patents, fought amongst several different parties. Therefore, for the sake of clarity, the Court endeavors to set out the relevant facts as follows.

### I. The Parties and Products at Issue

Plaintiff Pabco Building Products, LLC ("Pabco") is in the business of manufacturing building materials, including gypsum wallboard and other types of drywall. Plaintiff Pacific Coast Building Products, Inc. ("Pacific Coast") is a holding company that has no employees. Pabco is a subsidiary of Pacific Coast. Both entities are based primarily in the western United States and have principal places of business in Rancho Cordova, California.

Defendant CertainTeed Gypsum Manufacturing, Inc. is a subsidiary of the CertainTeed Corporation, which is headquartered in Malvern, Pennsylvania. Like Pabco, Defendant is in the business of manufacturing various drywall products. Defendant maintains a manufacturing facility in Nashville, Arkansas.

This case centers around sound dampening drywall panels which can be cut and installed like standard drywall. Standard drywall is cut and installed using the "score and snap" method, which involves making a shallow cut on the surface of the drywall—the score—then breaking the drywall along the scored line—the snap. Standard drywall can be cut in this fashion because it only has paper backing on the outer surfaces. Sound dampening drywall was traditionally manufactured by gluing two pieces of standard drywall together, with paper on both the inner and outer surfaces. However, the resulting laminated structure does not score and snap like standard drywall because of these inner layers of paper.

Pabco produces a sound dampening drywall panel called QuietRock EZ-SNAP. EZ-SNAP can be scored and snapped like regular drywall because the paper from the inner, glued surfaces has been removed for this specific purpose. Defendant produces a line of sound dampening drywall products under the brand name SilentFX. One of Defendant's products, SilentFX QuickCut, consists of a laminated panel featuring a viscoelastic polymer between two gypsum panels that also cuts like standard gypsum wallboard due to the lack of paper on the inner surfaces of the panels. Plaintiffs claim that QuickCut infringes on certain patents which Pacific Coast owns and Pabco holds exclusive license to.

**II. The Patents at Issue**

This case involves two patents: (1) U.S. Patent No. 10,125,492 ("the '492 patent") entitled "Acoustical Sound Proofing Material with Improved Fracture Characteristics and Methods for

Manufacturing Same"; and (2) U.S. Patent No. 10,132,076 ("the '076 patent") entitled "Acoustical Sound Proofing Material with Improved Fracture Characteristics and Methods for Manufacturing Same."

Both of the asserted patents claim priority from U.S. Patent No. 9,388,568 ("the '568 patent"). As will become relevant below, all three patents also include claims reciting the term "scored flexural strength." The asserted patents and the '568 patent all relate to drywall used for soundproofing. As mentioned above, typical drywall is a composition of gypsum and other materials encased in paper. These three patents claim a laminated panel that is made by gluing together two gypsum boards with a sound-dissipating adhesive. The two gypsum boards, however, do not have any paper on the inner surfaces that are glued, and thus, can be cut like conventional drywall.

### III. The Four Litigations

#### A. The 2017 Northern District of California Action

Pacific Coast initially brought a patent infringement action against CertainTeed Gypsum, Inc. ("CertainTeed Gypsum"), a sister company of Defendant, in the Northern District of California, alleging infringement of the '568 patent and U.S. Patent No. 8,181,738 ("the '738 patent")[1] on March 3, 2017 ("the 2017 action").[2] On September 18, 2017, counsel for CertainTeed Gypsum proposed a sixty-day standstill agreement, wherein Pacific Coast would dismiss the case without prejudice as the parties attempted to settle. According to the terms of the standstill agreement, absent settlement, Pacific Coast would re-file the lawsuit. On October 3, 2017, Pacific

---

[1] The '738 patent is not related to the '492 and '076 patents but similarly concerns a laminated structure having a viscoelastic glue between two layers of material, such as gypsum panels.
[2] *Pacific Coast Building Products, Inc. v. CertainTeed Gypsum, Inc.*, Case No. 5:17-cv-01116-LHK.

Coast dismissed its case without prejudice so that the parties could engage in settlement negotiations.

Before the 2017 action was dismissed, the court conducted an initial case management conference and issued a case management order. However, the court did not issue any substantive orders or analyze the patents-in-suit or underlying factual allegations.

### B. The 2018 Northern District of California Action

On January 16, 2018, after settlement talks failed and the sixty-day standstill expired, Pacific Coast brought what was effectively a continuation of the same lawsuit in the Northern District of California ("the 2018 action").[3] Pursuant to the terms of the standstill agreement, the Complaint in the 2018 action mirrored the Complaint filed in the 2017 action. On February 13, 2018, CertainTeed Gypsum answered, raising the same affirmative defenses and counterclaims of invalidity, including that the asserted claim in the '568 patent was invalid because the claim term "scored flexural strength" was indefinite and all the limitations in the claim were anticipated and/or rendered obvious based on an earlier application.

The parties engaged in discovery and completed the claim construction process for two terms from the '738 patent and four terms from the '568 patent, including two "scored flexural strength" terms. In support of their proposed constructions for the disputed "scored flexural strength" terms, both parties submitted expert declarations.

On November 29, 2018, the court held a claim construction hearing regarding the invalidity of the asserted claim in the '568 patent based on the term "scored flexural strength." Pacific Coast's counsel appeared at this hearing to defend the '568 patent. That same day, the court issued

---

[3] *Pacific Coast Building Products, Inc. v. CertainTeed Gypsum, Inc.*, Case No. 5:18-cv-00346-LHK.

an order holding the asserted claim in the '568 patent invalid as indefinite due to the term "scored flexural strength."

On January 9, 2019, due to the court's holding that the claim term "scored flexural strength" was indefinite, the parties stipulated to judgment regarding the '568 patent in favor of CertainTeed Gypsum. Pacific Coast also stipulated to dismissal with prejudice of its claims under the '738 patent. On February 11, 2019, Pacific Coast filed a Notice of Appeal to the Federal Circuit, challenging the indefiniteness ruling.[4]

### C. Current Actions

Plaintiffs filed their Complaint in this action on December 11, 2018, alleging that Defendant directly infringed and continues to infringe one or more claims of the '492 and '076 patents. On February 14, 2019, CertainTeed Gypsum filed a separate declaratory judgment action in the Northern District of California asserting declaratory judgment claims of unenforceability and non-infringement for both the '492 and '076 patents against both Pacific Coast and Pabco.[5] On February 15, 2019, Defendant filed the instant motion, arguing that this action should be stayed pending the disposition of the declaratory judgment action involving the same patents and same parties filed in the Northern District of California. On March 12, 2019, Judge Lucy H. Koh had the declaratory judgment action reassigned to her because she presided over the 2017 and 2018 actions between Pacific Coast and CertainTeed Gypsum. In her order reassigning the case, Judge Koh found the declaratory judgement action to be related to the 2017 and 2018 actions because the cases involved substantially the same parties, patents, and underlying facts. Consequently, on May 23, 2019, Judge Koh stayed the declaratory judgment action pending the Federal Circuit's resolution of the indefiniteness ruling in the 2018 action.

---

[4] As of the date of this order, Pacific Coast's appeal remains pending.
[5] *CertainTeed Gypsum, Inc. v. Pacific Coast Building Products, Inc. et al*, 5:19-cv-00802-LHK.

## DISCUSSION

Defendant argues that a stay of this action, pending the resolution of the declaratory judgment action, is necessary to avoid undue hardship and conserve judicial resources. Plaintiffs argue that Defendant overstates the Northern District of California's ability to efficiently resolve the issues in this case. Plaintiffs further contend that a stay should be barred by the so-called "first to file" rule. The Court will first address the merits of issuing a stay. If the Courts finds that a stay is warranted, the Court will then examine whether a stay is proper under the "first to file" rule.

**I. Motion to Stay**

Courts have the inherent power to control their own dockets, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). How to best manage the docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. To this end, a court may properly stay an action where the following criteria are met: (1) the stay does not prejudice the non-movant; (2) the movant would suffer hardship and inequity without a stay; and (3) the stay serves the interests of judicial economy and efficiency. *Novartis AG v. Ezra Ventures, LLC*, No. 4:15-CV-00095-KGB, 2015 WL 4197692, at *3 (E.D. Ark. July 10, 2015); *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007).

**A. Prejudice to the Non-Movant**

Defendant argues that Plaintiffs would not be prejudiced by a stay because Pacific Coast has already sued CertainTeed Gypsum twice in the Northern District of California. Defendant further argues that the Northern District of California is more convenient for Plaintiffs because they are located there and most of their potential witnesses are located on the west coast or in Nevada. Defendant also points out that certain third-party witnesses reside in the Northern District of

California.  Finally, Defendant posits that Plaintiffs would not be economically or procedurally prejudiced because this case is still in the pleading stage.

Plaintiffs respond that a stay robs them of their choice of forum in litigating their claims in the district where Defendant maintains a plant manufacturing the allegedly infringing product. Plaintiffs also argue that a stay would result in prejudice because the declaratory judgment action cannot resolve all the issues presented here, whereas this case, if it went forward first, would resolve all the issues presented in the declaratory judgment action.  Plaintiffs further contend that they would be prejudiced by the Northern District of California's case load, which they argue would result in slower rulings than would be obtained here.

Upon consideration, the Court agrees with Defendant.  Plaintiffs and a significant number of potential witnesses in this case are located on the west coast.  Consequently, the Northern District of California would be a more practical and convenient forum to litigate the issues pending in this action.  Even if the Northern District of California cannot resolve every single pending issue, the declaratory judgement action could significantly pare the issues down and simplify any subsequent litigation in this case.  Thus, the Court finds that Plaintiffs would not be prejudiced by having to litigate any remaining issues before this Court after the declaratory judgment action has resolved.  As to Plaintiffs' argument about case load, although the Western District of Arkansas certainly does not deal in the sheer volume of litigation found in the Northern District of California, the nature of litigation and the Court's docket is unpredictable at best.  As such, the Court cannot guarantee a more expedient resolution of this action than could be obtained in the Northern District of California.  Moreover, this case is in its infancy.  No discovery has been conducted, no substantive rulings have been made, and no scheduling order has been entered.  Therefore, the Court finds that Plaintiffs would not be prejudiced by a stay.

### B. Hardship and Inequity Absent a Stay

Defendant states that CertainTeed Gypsum, its sister company, has already spent considerable time and expense over the past two years litigating in the Northern District of California on the relevant areas of technology and law. Consequently, Defendant argues that absent a stay, it will suffer hardship by investing similar time and expense in familiarizing this Court with a dispute that is duplicative of litigation ongoing again in the Northern District of California.

Plaintiffs counter that although CertainTeed Gypsum spent two years litigating in the Northern District of California, that time was not spent educating the court because only one hearing was held and one substantive claim construction ruling was issued in the 2017 and 2018 actions. Plaintiffs also contend that any hardship on Defendant is "self-inflicted" because Defendant filed the declaratory judgment action instead of moving for a transfer of this case.

The Court finds Plaintiffs' arguments unpersuasive. Although Defendant did not move to transfer this action to Northern District of California, it was Plaintiffs who brought this action in the Western District of Arkansas. Thus, it cannot be said that any hardship arising from litigating in this forum is "self-inflicted." As to Defendant's educating the Court argument, Judge Koh perhaps put it best when she held that the 2017 and 2018 actions and the declaratory judgment action "concern substantially the same parties and events, and it is likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." *Pacific Coast Building Products, Inc. v. CertainTeed Gypsum, Inc.*, Case No. 5:17-cv-01116-LHK, ECF No. 71, p. 2. Bringing this Court up to speed would necessarily involve that same undue duplicative labor and expense. Therefore, the Court finds that Defendant would suffer hardship and inequity absent a stay.

### C. Judicial Economy and Efficiency

Defendant argues that the Court should stay this case to avoid duplicating the effort of the Northern District of California, which already has a long history with these parties, this patent family, and the facts at issue. Defendant also argues that this case is inextricably intertwined with Pacific Coast's 2017 and 2018 actions.

Plaintiffs respond, arguing that Defendant overstates the progress made in the 2017 and 2018 actions. Plaintiffs further contend that a ruling on the '492 or '076 patent will not implicate any of the holdings, findings, or analysis of the California court in the previous litigation involving the '568 patent.

Upon consideration, the Court agrees with Defendant. As noted above, Judge Koh is already familiar with these parties, the facts underlying their claims, and the patents at issue. For this Court to go back to square one on this complex and highly technical litigation would be a waste of judicial resources. Moreover, Judge Koh has found the declaratory judgment action—involving the same patents as this action—to be related to the 2017 and 2018 actions and stayed the declaratory judgment action pending the Federal Circuit's decision concerning the indefiniteness ruling on the '568 patent. Therefore, the Court cannot say that a ruling in this case would not implicate the Northern District of California's or Federal Circuit's rulings or lead to inconsistent results. Accordingly, the Court finds that staying this action best serves the interests of judicial economy and efficiency.

In sum, all three relevant criteria—prejudice to the non-movant, hardship absent a stay, and judicial economy and efficiency—weigh in favor of staying this action pending resolution of the declaratory judgment action.

## II. First to File Doctrine

Because the Court has found that a stay is warranted, the Court will now determine whether a stay is proper under the "first to file" rule.

The "first to file" rule exists to "avoid conflicting decisions and promote judicial efficiency." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). The rule provides that when two actions that sufficiently overlap are filed in different federal district courts, one for patent infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action. *Id.* However, the first to file rule is not intended to be a "rigid mechanical solution [ ] to questions of forum." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (internal quotation omitted). Exceptions to the rule may be made if justified by "considerations of judicial and litigant economy, and the just and effective disposition of disputes." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (internal quotation omitted). "Exceptions . . . are not rare," but "[t]here must . . . be sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.* Justification for an exception may be found in "the convenience and availability of witnesses, [the] absence of jurisdiction over all necessary or desirable parties, . . . the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Genentech, Inc.*, 998 F.2d at 938. Application of the first to file rule is generally a matter for a district court's discretion, exercised within governing legal constraints. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005); *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013).

Plaintiffs argue that this action, as the first-filed infringement action, should not be stayed in favor of a later-filed declaratory judgment action. However, Defendant contends that the Court

should make an exception and stay this case in the interests of judicial economy and just resolution of this dispute.

In the case at bar, the Court finds that considerations of economy and justice weigh in favor of staying this action despite it being first-filed. Plaintiffs are located on the west coast, and many of the potential witnesses in this action reside there. Pacific Coast has also sued Defendant's parent company and sister company twice in the Northern District of California for allegedly infringing on related patents. As such, the Northern District of California would be a more convenient forum to litigate the issues raised in this action. The declaratory judgment action has also been related to the 2017 and 2018 actions and stayed pending the Federal Circuit's decision concerning the indefiniteness ruling on the '568 patent. This action concerns the same patents as the declaratory judgment action. Therefore, staying this action is necessary to avoid possible inconsistent rulings and to effectively resolve all the pending issues in this related litigation. Moreover, as noted throughout, the Northern District of California, specifically Judge Koh, is already familiar with the parties, the patents at issue, and the facts underlying their claims. Further, Defendants' inequitable conduct claims directly relate to events that occurred during the 2018 action, over which Judge Koh presided. For this Court to start from scratch would be a waste of judicial resources.

Forum shopping is also a recognized exception to the first to file rule. *Agri-Process Innovations, Inc. v. Greenline Indus., LLC*, No. 4:08-CV-00558-BSM, 2008 WL 4126909, at *5 (E.D. Ark. Sept. 4, 2008) (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Pacific Coast made an oral motion to add Pabco as a party to the 2018 action during the claim construction hearing in an effort to recover potential lost profit damages. However, Judge Koh denied the motion on the basis of undue delay. (ECF No. 38, p. 8). Judge Koh then

invalidated the '568 patent—the parent patent to the patents in this case—for indefiniteness. Less than two weeks after Judge Koh's ruling, Pacific Coast, this time alongside Pabco, brought this action against a new defendant for infringement of the child patents. The timing of these events suggests an effort to avoid adverse rulings in the Northern District of California and remedy past mistakes in a new forum.

Accordingly, the Court finds that this action should be stayed pending the resolution of the declaratory judgment action in the Northern District of California.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay Proceedings (ECF No. 38) should be and hereby is **GRANTED**. Accordingly, this case is hereby **STAYED** and **ADMINISTRATIVELY TERMINATED**. If Plaintiffs wish to pursue this case after the conclusion of declaratory judgment action currently pending in the United States District Court for the North District of California has concluded, they may file a motion to reopen this case within thirty (30) days of said action.[6]

**IT IS SO ORDERED**, this 27th day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[6] *CertainTeed Gypsum, Inc. v. Pacific Coast Building Products, Inc. et al*, 5:19-cv-00802-LHK.